IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEFANI JACKSON,

    Plaintiff/Counter-Defendant,

    v.

RUSSELL MAYS,

    Defendant/Counter-Claimant.

CIVIL ACTION FILE

NO. 1:12-CV-02127-TWT-WEJ

## NON-FINAL REPORT AND RECOMMENDATION

Plaintiff, Stefani Jackson, filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. She alleges that defendant pro se, Russell Mays, is an attorney engaged in the business of collecting debts through filing dispossessory actions. (See Am. Compl. [2] ¶ 4.) Ms. Jackson asserts that Mr. Mays filed a dispossessory action against her, and in so doing, violated §§ 1692e(2) and 1692f(1) of the FDCPA by seeking a late fee of $100.00 and $23.50 in consequential expenses. (Id. ¶¶ 4-5.) Plaintiff alleges that Mr. Mays is liable to her for $1,000.00 in statutory damages and (an undetermined amount in) attorney's fees. (Id. ¶ 6.)

On August 20, 2012, Mr. Mays filed a two-page handwritten pleading entitled "Answer, Motion to Dismiss & Counterclaim," docketed as an Answer and

Counterclaim [6] ("Answer") and a Motion to Dismiss [7]. Although parts of that pleading are difficult to read, Mr. Mays asserts that service of process was improper, that he is not a debt collector, and that this action is barred by collateral estoppel. (Answer 1-2; Mot. Dismiss 1-2.)

The instant Motion is not in compliance with the Local Rules. For example, the Rule regarding filing of motions provides as follows:

> Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law.

N.D. Ga. R. 7.1(A)(1). The Motion to Dismiss filed by defendant is not accompanied by a supporting memorandum of law. Instead, the Motion and supporting memorandum are one. Moreover, the Motion to Dismiss makes factual assertions (i.e., those regarding service of process). However, Mr. Mays provides no supporting affidavit.

This non-compliance with the Local Rules has consequences. According to Rule 7.1(F), this Court, "in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these rules." The undersigned might have overlooked the failure to file a supporting memorandum if defendant had

2

cited some authority in the body of his Motion to Dismiss, but he failed to do so. The Court will not conduct defendant's research for him. Accordingly, the Court will not consider his Motion to Dismiss given its failure to comply with the Local Rules.

Although courts show leniency to <u>pro se</u> litigants not enjoyed by counseled litigants and liberally construe <u>pro se</u> pleadings, <u>pro se</u> litigants are still required to conform to the procedural rules. <u>See</u> <u>Brandon v. Lockheed Martin Aeronautical Sys.</u>, 393 F. Supp. 2d 1341, 1348 (N.D. Ga. 2005). Moreover, such lenience and liberal construction are not appropriate when the <u>pro se</u> litigant–here Mr. Mays–is a member of the State Bar of Georgia.[1] In the future, Mr. Mays should read and comply with this Court's Local Rules. They are available at http://www.gand.uscourts.gov/localrules.

For the above reasons, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss be **DENIED**.

---

[1] Although the Court issued an Oral Order denying plaintiff's motion to prevent defendant from filing handwritten pleadings [8], Mr. Mays is advised that typewritten pleadings would be appreciated.

AO 72A
(Rev.8/82)

**SO RECOMMENDED**, this 25th day of September, 2012.


_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)